UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-538-EHJ

DANIEL L. EASTON                                                                          PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                  DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Daniel L. Easton ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

PROCEDURAL HISTORY

On April 30, 2004, Claimant filed application for Disability Insurance Benefits and Supplemental Security Income payments, alleging that he became disabled as of March 19, 2004.[1] After a hearing, Administrative Law Judge Nichols ("ALJ") determined that Mr. Easton's degenerative disc and joint disease and dysthymic disorder were severe impairments that prevented him from performing any of his past relevant work, but that claimant retained the residual functional capacity for a significant number of sedentary jobs. This became the final decision of the defendant Commissioner when the Appeals Council denied review on August 24, 2006.

---

[1] Plaintiff had filed a previous application, which was denied by decision dated March 18, 2004. The ALJ explicitly found that the new application was supported by new evidence.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in rejecting evidence presented by vocational evaluator George E. Parsons. Mr. Parsons evaluated Plaintiff on May 31, 2002, and provided a lengthy report. Tr. 278. Parsons concluded that Mr. Easton's overall intellectual ability was at the low borderline range. Tr. 281. Mr. Parsons administered the Self Directed Search instrument and the General Aptitude Test Battery, resulting in finger dexterity and manual dexterity scores that were significantly below average. Tr. 282. Parsons observed, "His spatial and perceptual skills appear to be his strengths..." but "he has demonstrated a significant decline in both his finger and manual dexterity." Tr. 283.

The ALJ noted Parson's report, but observed that "there is nothing in the record concerning this nor did Mr. Easton make any complaint about it at the hearing." Tr. 15. As the Commissioner points out, Mr. Parsons is not an acceptable medical source and Claimant did not point to any medical evidence supporting a claim of diminution of finger and manual dexterity. The Court

perceives no error of law.

Mr. Easton further argues that the ALJ committed legal error in rejecting the opinion of a treating physician. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p. The opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

The opinion on which Mr. Easton relies is a January 19, 2006 note from the Portland Family Health Center. Scrawled on a page from a prescription pad, the note states only, "In my opinion Mr. Easton is disabled and cannot be gainfully employed." Tr. 292. That note did not point to any medical records supporting this bare conclusion, nor does Mr. Easton point to any such records on this appeal. Although the Commissioner generally gives more weight to the opinions of treating physicians, a treating physician's opinion regarding disability is not conclusive. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2). The "opinion" on which Mr. Easton relies is merely a legal conclusion that carries no weight.

3

Finally, Claimant argues that the record, viewed as a whole, fails to support the ALJ's decision. Specifically, Mr. Easton contends that substantial evidence fails to support the ALJ's conclusion that Plaintiff's testimony regarding the "intensity, duration and limiting effects" of his symptoms was not entirely credible. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

4

In rejecting Claimant's allegations of disabling pain, the ALJ noted the "wide range of ordinary and routine activities of daily living," the conservative and sporadic treatment he had received, and his own observations of the Plaintiff: "[T]he claimant did not appear to be in any distress or distracted by pain, and he answered questions quickly and appropriately without any evidence of a memory or concentration problem." Tr. 15. The Court finds no error of law in the evaluation of witness credibility. Furthermore, the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See  Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

An order in conformity has this day entered.